IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES E. SCOTT, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:22-cv-00997-N (BT) |
| § | |
| CITY OF DALLAS, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiff Charles E. Scott. Even liberally construed, Scott's complaint is disjointed and nonsensical. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (providing allegations by a *pro se* litigant must be given liberal construction). For example, he states that he wants the Judge to "make the people of the city of Dallas to stop puting [sic] there [sic] phone on to bring pain on [him] without reason[.]" Compl. 1 (ECF No. 3). He also states that he seeks to "come into the court room if [at] all possible[.] I'm letting the Judge know this has to come to a stop even the onice [sic] that work in the build[ing] were [sic] I filling [sic] the paper work [sic] [.]" *Id.* 2. In view of these allegations, the Court sent Scott an Order and Notice of Deficiency (ECF No. 6), which directed him to refile his complaint in compliance with Federal Rule of Civil Procedure 8(a). The Court further directed Scott to file a proper request to proceed *in forma pauperis*. The Order informed Scott that failure

1

to respond and cure these deficiencies by June 6, 2022, could result in a recommendation that his case be dismissed. Scott has failed to respond, and the time for doing so has passed. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Scott has failed to prosecute his lawsuit and also failed to obey a court order. The Court cannot screen Scott's complaint in its current form. He must refile his complaint in compliance with Federal Rule of Civil Procedure 8(a). He also must file a proper request to proceed *in forma pauperis*. This litigation cannot proceed until he cures these deficiencies. Dismissal without prejudice is warranted under these circumstances.

2

The Court should dismiss Scott's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed June 7, 2022.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).